IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| GLENNIE GRACE GAST,<br><br>        Plaintiff,<br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 9:21-CV-298 |

## **REPORT AND RECOMMENDATION**

The claimant, Glennie Grace Gast, requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The District Court referred the case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned finds that the administrative decision should be affirmed for the following reasons.

## **I. FACTUAL AND PROCEDURAL HISTORY**

Gast filed applications for Supplemental Security Income benefits on November 1, 2019, claiming disability beginning June 14, 2019, due to an anxiety disorder and a depressive disorder with memory loss and cognition deficits depression. (Tr. 13, 228.) Gast's claims were denied initially on September 9, 2020 (Tr. 92-95), and upon reconsideration November 19, 2020. (Tr. 98-99). Her administrative hearing was held on March 31, 2021, before Administrative Law Judge ("ALJ") David Hebert, who ultimately issued an unfavorable decision dated May 17, 2021. (Tr. 7-24.)

ALJ Hebert utilized the five-step sequential analysis model specified by regulations and approved by courts.[1] At step one, ALJ Hebert found that Gast has not engaged in substantial gainful activity since the alleged onset date. (Tr. 12-13.) At steps 2 and 3, ALJ Hebert determined that she had the following severe impairments: anxiety disorder and a depressive disorder with memory loss and a cognitive disorder, none of which meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).[2] (Tr. 18, 20-21.) ALJ Hebert determined that Gast has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: "The claimant can understand, remember and carry out detailed (but not complex) tasks. The claimant cannot work forced pace, assembly line, or production rate jobs." (Tr. 15.) At step four, ALJ Hebert concluded that Gast was not capable of performing any of her past relevant work but could perform other work in the national economy as an office helper, office cleaner, and mail clerk.[3] (Tr. 18). Thus, ALJ Hebert found that she is not disabled. (Tr. 21.) The Appeals Council denied review on October 13, 2021, making this decision the final decision of the Commissioner. (Tr. 1-3.) Gast filed this lawsuit to challenge the Commissioner's decision. This court has jurisdiction of this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

---

[1] To determine whether a claimant is disabled, the Commissioner's analysis proceeds along five steps. *See* 20 C.F.R. § 404.1520(a)(4); *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021). The Commissioner considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant can still do his "past relevant work," and (5) whether the impairment prevents the claimant from doing any relevant work. *Id*.

[2] ALJ Herbert considered Listings 12.02 for neurological disorders, 12.04 for depressive, bipolar and related disorders, and 12.06 for anxiety and obsessive-compulsive disorders.

[3] Gast has past relevant work as a bookkeeper. (Tr. 17.)

## II. JUDICIAL REVIEW

This court reviews the Commissioner's denial of social security disability benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (quotation marks and citation omitted). Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence "must be more than a scintilla[,] it need not be a preponderance." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (quotation marks and citation omitted).

Reviewing courts, therefore, give the Commissioner's decisions great deference. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Courts may not re-weigh evidence, try issues *de novo*, or substitute their judgments for those of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A court cannot reverse the Commissioner simply because the court might have decided the case differently in the first instance. *Elfer v. Texas Workforce Commission*, 169 F. App'x 378, 380 (5th Cir. 2006); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (stating that the court may not "substitute [its] judgment for that of the Secretary"). Rather, it is for the Commissioner to weigh evidence and resolve conflicts. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

## III. POINTS OF ERROR AND RESPONSE

Gast raises one point of error on appeal—that ALJ Hebert failed to properly evaluate Dr. Frankie Clark's medical opinion evidence consistent with Agency authority and Fifth Circuit precedent.

The Commissioner responds that contrary to Gast's allegations, ALJ Hebert properly addressed the medical opinion evidence in accord with the new, relevant regulations and that substantial evidence supports his decision. The undersigned recommends affirming her case.

### IV.  EVALUATION OF MEDICAL OPINION EVIDENCE

Pursuant to the revised rules for evaluating medical opinions, the ALJ must determine the persuasiveness of a physician's medical opinion. 20 C.F.R. § 416.920c. When evaluating whether a medical opinion is persuasive, the ALJ considers five factors: 1) supportability; 2) consistency; 3) the relationship with the claimant; 4) specialization; and 5) other factors which "tend to support or contradict the opinion." *Id* at 416.920c(c). When addressing the sufficiency of an ALJ's persuasiveness discussion, one court described the ALJ's obligation as follows:

> An ALJ's persuasiveness discussion is critical to his analysis and . . . must provide the Court with an 'adequate discussion' of his reasons for finding a particular medical opinion to be persuasive or unpersuasive. The measuring stick for an 'adequate discussion' is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof. Stated differently, there must be a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding.

*Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 500 (S.D. Miss. 2021) (citing *Pearson v. Comm'r*, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021); *Kilby v. Kijakazi*, No. 4:20-CV-03035, 2022 WL 1797043, at *4 (S.D. Tex. Mar. 15, 2022). The most important factors in this analysis are supportability and consistency. *See id.*; 20 C.F.R. § 416.920c(b)(2). (The ALJ must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior medical findings in [his] determination or decision.").

## V. DISCUSSION

Consultative doctor, Frankie Clark, Ph.D., examined Gast on August 22, 2020. (Tr. 632.) He concluded:

> Ms. Gast would not have difficulty with instructions. Her ability to relate to and work with others may be impaired somewhat. Concentration, persistence and pace are likely slower. She struggles to manage her opinions.

(Tr. 635.) ALJ Hebert considered Dr. Clark's assessment and found his opinion persuasive (Tr. 16-17.) He explained:

> Specifically, the opinion is supported by the claimant's mental status examinations which indicate a logical thought process, and she is oriented to person, place, day and time (Exhibit 5F/43). The claimant has fair immediate and recent memory but good remote memory (Exhibit 5F/43). Her ability to concentrate is impaired, but she is attentive (Exhibit 5F/43). Her insight is fair (Exhibit 5F/43). Therefore, the undersigned finds the opinion persuasive because the opinion is consistent with the medical evidence as a whole.

(Tr. 16-17) (citing to a psychiatric exam report dated 3/1/21). Gast challenges ALJ Hebert's analysis of Dr. Clark's opinion. She argues that ALJ Hebert failed "to conduct any persuasive analysis of Dr. Clark's opinion that her ability to work with others may be impaired somewhat, her concentration, persistence, and pace are likely slower, and that she struggles to manage her emotions." (Doc. 14, p, 5 (citing Tr. 635)).

The Fifth Circuit has stated that an "ALJ does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination. *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010) (citing *Glomski v. Massanari*, 172 F. Supp. 2d 1079, 1082 (E.D. Wis. 2001)). This is not a case where the ALJ failed to provide *any* reference to the record that demonstrated a lack of consistency between the opinions and the record taken as a whole—the cited text from ALJ Hebert's decision clearly proves otherwise. *See, e.g., Clay v. Kijakazi*, No. 4:21CV149-SA-DAS, 2022 WL 13989015, at

5

\*4 (N.D. Miss. Oct. 21, 2022) (remanding appeal where the ALJ provided only two sentences to explain the rejection of a medical provider's opinion); *Cooley*, 587 F. Supp. 3d at 500 (remanding for inadequate explanation where the ALJ's only specific discussion of medical opinion was his brief statement that "treatment records" showed "generally unremarkable findings on physical exams.") Rather, this is a case where the plaintiff is challenging the *adequacy* of the ALJ's decision. Although ALJ Hebert made the general conclusion that Dr. Clark's opinion is not "consistent with the medical evidence as a whole," he also explicitly referred to treatment notes that support his decision.

Other parts of the ALJ's decision can be considered in addressing Gast's point of error. *See Clay*, 2022 WL 13989015, at \*6 ("Other parts of a decision may well add to the explanation.") Throughout his decision, ALJ Howard explicitly identified, cited to, and relied on largely consistent records. On page five of his decision, ALJ Hebert discusses Gast's mental limitations at step two:

> In interacting with others, the claimant has a mild limitation. The claimant indicates she spends time with friends on a regular basis dancing and shopping (Exhibit 6E/5). She indicates no problems getting along with family, friends or neighbors (Exhibit 6E/6). Therefore, the undersigned finds the claimant has a mild limitation in interacting with others.
>
> With regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation. The mental status exam indicates her thought processes are goal directed and organized (Exhibit 3F/4). She exhibits no difficulty with memory or concentration (Exhibit 3F/5). The claimant did state that she has some difficulty with her memory and with being able to sustain concentration. The claimant has fair immediate and recent memory but good remote memory (Exhibit 5F/43). Her ability to concentrate is impaired, but she is attentive (Exhibit 5F/43). Therefore, the undersigned finds that the claimant has a moderate limitation in concentrating, persisting, or maintaining pace.

(Tr. 15.)  In assessing her RFC, ALJ Hebert determined that Gast "can understand, remember and carry out detailed (but not complex) tasks. The claimant cannot work forced pace, assembly line, or production rate jobs." (Tr. 15.)  In making this finding, ALJ Hebert explained:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because a mental status exam in 2018, indicates an euthymic mood with an affect congruent to mood (Exhibit 2F/61). Her fund of knowledge is good, and her thought process is logical and goal directed (2F/62). The claimant is oriented to person, place, day and time (Exhibit 2F/62). Her judgment is impaired, but her remote memory is good and she is attentive (Exhibit 2F/62). The claimant is diagnosed with major depressive disorder, recurrent and anxiety disorder, unspecified (Exhibit 2F/63).
>
> A CT of the head indicates no intracranial abnormalities and no hemorrhage (Exhibit 1F/106; 4F/15, 7F/272). During a treatment exam in November 2019, the claimant's memory and judgment are intact and she has a normal mood and affect (Exhibit 7F/268). Chest imaging shows no active cardiopulmonary disease (Exhibit 7F/272). In August 2020, the claimant has a psychological consultative exam (Exhibit 3F). The mental status exam indicates her thought processes are goal directed and organized (Exhibit 3F/4). The claimant denies suicidal or homicidal ideations or attempts (Exhibit 3F/4). The claimant has had no hallucinations since going to rehab (Exhibit 3F/4). She is oriented times three and contact with reality appears to be adequate (Exhibit 3F/5). Her recall is and good and her intelligence is average (Exhibit 3F/5). She exhibits no difficulty with memory or concentration (Exhibit 3F/5). The claimant is diagnosed with other specified depressive disorder and anxiety disorder (Exhibit 3F/5).

(Tr. 16.)  ALJ Hebert "is responsible for assessing the medical evidence and determining the claimant's residual functional capacity." *Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985). The court must determine whether the record as a whole "yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000); *see also Perez v. Barnhart*, 416 F.3d 457, 461 (5th Cir. 2005).

Here, the excerpts from ALJ Hebert's decision *clearly* show that he thoroughly explained, in compliance with the new regulations, why he found Dr. Clark's opinion persuasive. He explicitly refers to treatment notes from a March 1, 2021 mental status examination that indicated a logical thought process, that Gast was oriented to person, place, day, and time,

demonstrated fair immediate and recent memory, but good remote memory (Tr. 733). He summarized the notes that documented her impaired ability to concentrate, but that she was attentive with "fair" insight. (*Id*). ALJ Hebert also cited to and summarized evidence that is consistent with Dr. Clark's opinion, including opinion evidence from the State agency medical consultants (SAMCs):

> The undersigned considers the assessments of State agency consultants Dr. Jean Germain, Ph.D. and Dr. Walt Mercer, Ph.D. and find their opinions (Exhibit 3A and 5A). Both doctors opine the claimant can understand, remember and carry out detailed, but not complex instructions. The undersigned finds their opinions persuasive because they are consistent with the record as a whole. Specifically, their opinions are supported by the claimant's mental status examinations which indicate a logical thought process and she is oriented to person, place, day and time (Exhibit 5F/43). The claimant has fair immediate and recent memory but good remote memory (Exhibit 5F/43). Her ability to concentrate is impaired, but she is attentive (Exhibit 5F/43). Her insight is fair (Exhibit 5F/43).

(Tr. 17.)[4] Accordingly the undersigned finds that ALJ Hebert's explanation for the persuasiveness attributed to Dr. Clark's medical opinion evidence satisfies his regulatory duty pursuant to 20 C.F.R. § 416.920c and allows the court to engage in meaningful review of the Gast's appeal. Moreover, the evidence that ALJ Hebert relied on (as noted in his decision and discussed *supra*) supports the RFC assessment.

---

[4] The medical record is consistent with the SAMCs findings. Treatment notes from November 2019 show Gast's memory and judgment were intact and that she had a normal mood and affect. (Tr. 1066). A computed tomography (CT) performed on November 25, 2019, revealed no acute intracranial abnormality. (Tr. 1165.) On September 14, 2020, Gast reported moderate depression (7 to 8/10) and frustration over not being able to work and having to stay home, but that her depression/anxiety were improved. (Tr. 770). A May 27, 2020 evaluation indicated severe sleep impairment with moderate anxiety (6-7/10) and panic attacks. (Tr. 770). In March 2021, Gast reported occasional mild sleep impairment, but otherwise indicated she was doing very well with her current medications and denied suicidal ideations, homicidal ideations, hallucinations, mood swings, anxiety, and panic attacks. (Tr. 727.) A mental status exam at that time indicated a logical thought process and she was oriented to person, place, day, and time, and demonstrated fair immediate and recent memory and good remote memory. (Tr. 733.) Her ability to concentrate was impaired, but she was attentive, and her insight was described as fair. (Tr. 733).

## VI. CONCLUSION

ALJ Hebert's decision reflects that he carefully reviewed the medical opinion evidence and complied with the correct legal standards. Moreover, the decision is supported by substantial evidence. Accordingly, the administrative decision should be affirmed.

## VII. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of September, 2023.

_____
Zack Hawthorn
United States Magistrate Judge